IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Robert Earl Dillard, #220045, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>Warden, Perry Correctional )<br>Institution, )<br>)<br>Respondent. )<br>_____) | Civil Action No.8:07-1533-JFA-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the court on the respondent's motion for summary judgment. (Dkt. # 14.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on May 30, 2007.[1] On November 26, 2007, the respondent moved for summary judgment. By order filed November 27, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On January 22, 2008, the petitioner filed a response opposing summary judgment.

**PROCEDURAL FACTS**

The petitioner is presently confined in Perry Correctional Institution. In 1994, he was indicted for two counts of murder. He was represented by attorney Richard H. Warder.

---

[1]This date reflects the date that the envelope was stamped as having been received by the Perry Correctional Institution mailroom. *Houston v. Lack,* 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

A jury trial was held beginning on February 28, 1995, with the Honorable Frank P. McGowan, Jr., presiding. On March 2, 1995, the petitioner was convicted as charged and Judge McGowan sentenced him to two consecutive life sentences. The petitioner timely filed a direct appeal.

One appeal, the petitioner was represented by Appellate Defender M. Anne Pearce. The petitioner raised the following issue on appeal: "Whether admission of a petition filed by the victim in family court violated the rule against hearsay and appellant's right to confront adverse witnesses." (Resp't's Mem. Supp. Summ. J. Attach. # 1 at 3.) On February 11, 1997, the South Carolina Supreme Court affirmed the petitioner's convictions and sentences in a memorandum opinion. *State v. Dillard*, Op. No. 97-MO-012 (S.C. Sup. Ct. filed February 11, 1997). (*Id.* Attach. #3.)

On October 30, 1997, the petitioner filed an application for post-conviction relief ("PCR") raising the following issues for relief:

> 1. Ineffective assistance of trial counsel.
>
> 2. Ineffective assistance of appellate counsel.
>
> 3. Applicant's constitutional rights were violated.

An evidentiary hearing was held on October 5, 1998, before the Honorable Larry R. Patterson. The petitioner was represented by attorney Scott Robinson. On February 19, 1999, Judge Patterson denied the petitioner relief and dismissed the PCR application. (App. 780-786.)  The petitioner did not appeal the denial of PCR.

On May 25, 1999, the petitioner filed a second PCR application raising the following issue: "Ineffective assistance of PCR counsel – counsel failed to file an appeal." (App. 788-799.) An evidentiary hearing was held on August 28, 2000, before the Honorable John W. Kittredge. (App. 802-814.) The petitioner was represented by attorney W. DeJong On August 29, 2000, Judge Kittredge granted the petitioner a belated appeal from the

denial of his first PCR application pursuant to *Austin v. State*, 409 S.E.2d 395 (S.C. 1991). (App. 817.)

On October 12, 2001, appellate counsel Joseph Savitz filed a petition for a writ of certiorari pursuant to *Austin* raising the following issue: "Is petitioner entitled to a new trial on the basis of after-discovered juror misconduct?"  (Resp't's Mem. Supp. Summ. J. Attach. # 5 & 6.)  On March 21, 2002, the South Carolina Supreme Court granted the petition for writ of certiorari for relief pursuant to *Austin* and upon reviewing the PCR order denied certiorari.  (*Id.* Attach. # 8.) The remittitur was entered on April 18, 2002. (*Id.* Attach. # 9.)

On August 6, 2002, the petitioner filed a third PCR application raising the following issue: "Denial of due process of law, in violation of the Federal Constitution's Fourteenth Amendment in that the State knowingly presented false testimony through its key witness, James Fletcher Simpson."

On October 2, 2002, the respondent filed a motion to dismiss. On July 28, 2003, a hearing was held before the Honorable John C. Few. The petitioner was represented by attorney Cheree Gillespie. On September 9, 2003, Judge Few denied relief and dismissed the petitioner's PCR. Judge Few found the application was untimely and alternatively successive. (App. 737-738.) The petitioner filed a timely appealed. On September 3, 2004, appellate counsel Wanda H. Hagler filed a petition to be relieved as counsel and a Johnson petition for a writ of certiorari raising the following issue: Whether "the PCR court erred in failing to entertain petitioner's PCR allegations per a finding that this action was untimely filed."

On September 29, 2004, the petitioner filed two pro se documents in the South Carolina Supreme Court. In a "Pro Se Motion to Stay and Motion for New Trial Based on After-Discovered Evidence or, In the Alternative, Petition for Writ of Habeas Corpus in the

Original Jurisdiction," the petitioner asserted that before his first PCR application, in October 1997, he had contacted the Greenville Detention Center concerning James Simpson's incarceration, but he did not receive any information about the time period that Simpson asserted at trial that the petitioner had confessed to Simpson.  He stated that on January 17, 2001, pursuant to an Freedom of Information Act ("FOIA") request, he received information showing that Simpson was incarcerated from November 25, 1992, through April 30, 1993.  He stated that he attempted to raise this in his second PCR application, but his PCR counsel refused to present it.  (Resp't's Mem. Supp Summ. J. Attach # 11.)

In his second motion captioned as an "Amended Motion for New Trial Due to Trial Court's Lack of Subject Matter Jurisdiction and/or In the Alternative Amended Petition for Writ of Habeas Corpus In The Original Jurisdiction," the petitioner asserted that the indictments were a "sham legal processes" that failed to confer subject matter jurisdiction upon the trial court.  (Resp't's Mem. Supp Summ. J. Attach # 12.)

On September 27, 2006, after referral from the South Carolina Supreme Court, the Court of Appeals denied the petition and granted counsel's request to be relieved.  (*Id*. Attach. # 13.)  The petitioner filed a petition for rehearing on October 3, 2006.  (*Id*. Attach. #14.) On January 29, 2007, the Court of Appeals denied the petition for rehearing. (*Id*. Attach. # 15.)   On February 23, 2007, the petitioner then filed a pro se "Petition for Writ of Certiorari" raising the following issues:

> I. Did the Court of Appeals err by holding that petitioner's After-Discovered Evidence of perjured testimony is procedurally barred?
>
> II. Did the Court of Appeals err by holding that After-Discovered Evidence of a "Structural error" on Reasonable Doubt Charge is procedurally barred in view of the miscarriage of justice standard?

(Resp't's Mem. Supp Summ. J. Attach # 16 at 3.) On April 20, 2007, the South Carolina

Supreme Court denied the petition and the remittitur letter was sent on April 24, 2007. (*Id.* Attach, # 18 & 19.)

On May 30, 2007, the petitioner filed this pro se habeas petition raising the following two grounds for relief:

> **Ground One:** After discovered evidence of the state's knowing use of perjured testimony to obtain a conviction.
>
> **Supporting Facts:** There was no physical evidence connecting petitioner to the murder charges, and the state's evidence against him was based upon weak circumstantial evidence and credibility of its chief witness, James Simpson, who testified that petitioner confessed the murders to him in a club in the City of Greenville, S.C. in February 1993. However, six (6) years after the conviction, petitioner discovered through the FOIA request that Simpson was incarcerated in the Greenville Detention Center in February 1993 and could not have heard any confession by Petitioner.
>
> **Ground Two:** After discovered evidence of trial Judge's refusal to define "reasonable doubt" upon Jury's request, which subjected Petitioner to a fundamental miscarriage of justice.
>
> **Supporting Facts:** After the jury had found petitioner [guilty] of the murder charges, the petitioner discovered that the jury had sent a "note" to the judge requesting a definition of "reasonable doubt." The judge never "publish[ed] this note in open court" nor informed the petitioner of the Jury's request. However, the Judge did enter into the trial record that "the jury did request a definition during their deliberation, but that it was too late to honor their request once they found the petitioner guilty."

(Pet. 6-8.)

## **APPLICABLE LAW**

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

5

> there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

The respondent contends that this habeas petition should be dismissed because it was not timely filed within the one-year statute of limitations for filing federal habeas petitions. The undersigned agrees.

**Statute of Limitations**

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. 2244(d). The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not at the end of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). If a defendant files a direct appeal and his

7

conviction is affirmed, the conviction becomes final ninety days after the final ruling of the South Carolina Supreme Court. *Id*. at 328 n. 1.

As noted above, the statute of limitations for filing a habeas action is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the State PCR process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 196 F.3d 557, 561 (4th Cir. 1999). However, a State PCR proceeding must be "properly filed" for the statutory tolling provisions of § 2244(d)(2) to apply. "When a post-conviction petition is untimely under state law, it is not considered "properly filed." *Pace v. DiGulielmo*, 544 U.S. 408, 414 (2005).

The South Carolina Supreme Court denied the petitioner's direct appeal on February 11, 1997, and thus the petitioner's conviction became final ninety (90) days later on May 12, 1997. *Harris,* 209 F.3d at 328, n. 1 (conviction become final on the expiration of the ninety-day period to seek review by the United States Supreme Court). On October 30, 1997, the petitioner filed his first application for PCR. By this time, 170 of the 365 days within which the petitioner had to file this habeas action had lapsed. The petitioner therefore had 195 days remaining to file this habeas action. As the petitioner did not appeal, the petitioner's first PCR action concluded when the PCR Court denied the petitioner relief on February 19, 1999, and this restarted the running of the limitations period.

On May 25, 1999, when the petitioner filed his second PCR action ninety-three (93) more days had lapsed, leaving 102 days of non-tolled time. The second PCR concluded when the remittitur was sent down on April 19, 2002. The petitioner had only 102 days of time remaining to file his habeas petition.

However, on August 6, 2002, the petitioner filed a third PCR action. On September 9, 2003, the PCR Court denied the petitioner's third PCR application as successive and untimely under the state PCR statute of limitations. (App. 737-738.) On April 24, 2007, the South Carolina Supreme Court denied review of the PCR Court's decision and the remittitur was sent down. As this PCR application was untimely under state law, it was not considered "properly filed" and could not have tolled the statute of limitations. *Pace*, 544 U.S. at 414. Therefore, the petitioner's third PCR did not toll the time from running and by the time the petitioner filed this action on May 30, 2007, more than more five years had passed since the petitioner's second PCR had concluded on April 19, 2002. Clearly, the petitioner's habeas action is time barred.

To the extent that the petitioner argues he is entitled to equitable tolling (Pet'r's Mem. Opp. Summ. J. at 3.), the undersigned does not believe the circumstances in this case warrant an application of equitable tolling. To be entitled to equitable tolling, the petitioner must show that there was 1) an "'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). In *Harris v. Hutchinson*, 209 F.3d 325, 330-31, the Fourth Circuit Court of Appeals held equitable tolling has been applied in two kinds of situations. In the first situation, the petitioners were prevented from asserting their claims by some kind of wrongful conduct on the part of the respondent and in the second, extraordinary circumstances beyond the petitioners' control made it impossible to file their claims on time. The court concluded that "any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* at 330.

The petitioner essentially contends that his petition is timely because the information regarding Simpson was not available sooner. (Pet'r's Mem. Opp. Summ. J. at 3.) This

9

argument is unpersuasive. The AEDPA's provisions allow the limitations period for a claim to run, if applicable, on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Clearly, the information was available and discoverable through due diligence. The petitioner merely had not requested or obtained the information earlier. The petitioner's claims are not based on information that could not have been discovered by him prior to the expiration of the statutory period of limitations. Thus, he has failed to allege circumstances wherein he has in some "extraordinary way" been "prevented" from filing a timely federal habeas petition. *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3rd Cir.1998).

Moreover, the petitioner is not entitled to tolling under § 2244(d)(1)(D) based upon any allegations of actual innocence. The petitioner's alleged newly discovered evidence showing his innocence is actually the claim itself, rather than the factual predicate of an independent claim. The United States Supreme Court has never held that an "actual innocence" exception to the AEDPA's one-year statute of limitations applies so as to excuse a petitioner's failure to timely file his federal habeas petition. *See, e.g., Souter v. Jones*, 395 F.3d 577, 589, 597 (6th Cir.2005) (recognizing disagreement among the courts of appeals but noting the majority of the circuits allowing for equitable tolling based on actual innocence require the petitioner to diligently pursue his federal habeas claims); *Bozman v. Kershaw Correctional Institution*, 2006 WL 516734, *2 (D.S.C. Mar. 1, 2006) (adopting the reasoning of the Fifth and Eighth Circuits, finding "that a claim of actual innocence is an insufficient circumstance to warrant equitably tolling the statute of limitations without a showing that a petitioner has discovered new facts that could not have been found with reasonable diligence before the time for filing had ended.") Because claims of actual innocence based on newly discovered evidence do not state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state

criminal proceedings, the petitioner is not entitled to tolling under § 2244(d)(1)(D).   *Id.*

Accordingly, the undersigned finds this habeas petition is untimely and should be dismissed

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the respondent's Motion for Summary Judgment (Dkt. # 14) be GRANTED and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.


                                            s/Bruce Howe Hendricks
                                            United States Magistrate Judge

June 2, 2008
Greenville, South Carolina


**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).