IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Earl Dillard, #220045, ) | C/A No.: 8:07-1533-JFA-BHH |
| ) | |
| Petitioner, ) | |
| v. ) | **ORDER** |
| ) | |
| Warden, Perry Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

    The *pro se* petitioner, Robert Earl Dillard, is a state prisoner confined in the South Carolina Department of Corrections. He initiated this action pursuant to 28 U.S.C. § 2254 seeking relief from his sentence of two consecutive life sentences for murder. He raises three grounds for relief: (1) after discovered evidence of the state's knowing use of perjured testimony was used to obtain his conviction; (2) the trial judge's refusal to define "reasonable doubt" at the jury's request subjected petitioner to a fundamental miscarriage of justice; and (3) the petitioner's murder indictments were "sham legal processed indictments" that did not confer subject matter jurisdiction upon the trial court to convict the petitioner.

    The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein she suggests that the respondent's motion for summary

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

judgment[2] be granted as the petition is untimely. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on June 2, 2008. Petitioner filed timely objections[3] to the Report after this court granted him an extension to do so. Petitioner has also filed a motion to compel the respondents to produce evidence relevant to equitable tolling. The court has carefully reviewed these objections and finds them to be without merit, thus the objections are overruled.

Based on a review of the record, the Magistrate Judge determined that the petitioner was required to file his § 2254 petition by May 12, 1997, unless the one-year limitations period pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 ("AEDPA"), was tolled. The AEDPA provides a one-year statute of limitations period on the filing of a § 2254 action. Subsection (d) of the statute reads:

> (D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of

---

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

[3] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right was asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

The following chart illustrates the pertinent dates and tolling periods applicable to petitioner's case:

| EVENT | | DATE | DAYS |
|---|---|---|---|
| Date State conviction final | May 12, 1997 | | 365 |
| Petitioner files 1st PCR | Oct. 30, 1997 | *untolled* days:  May 13, 1997 to Oct. 30, 1997 | -170 |
| 1st PCR denied | Feb. 19, 1999 | tolled days:  Oct. 31, 1997 to Feb. 19, 1999 | 0 |
| Petitioner files 2nd PCR | May 25, 1999 | *untolled* days:  Feb. 20, 1999 to May 25, 1999 | -102 |
| 2nd PCR denied | Apr. 19, 2002 | tolled days:  May 26, 1999 to Apr. 19, 2002 | 0 |
| Petitioner files 3rd PCR | Aug. 6, 2002 | *untolled* days:  Apr. 20, 2002 to Aug. 6, 2002 | -108 |
| 3rd PCR denied (improperly filed) SC Supreme Court denies review | Sep. 9, 2003 Apr. 24, 2007 | *tolled* days: Aug. 7, 2002 to Sep. 9, 2003 (no tolling from Sep.10, 2003 to Apr. 24, 2007) | 0 |
| Present Action Filed in USDC | May 30, 2007 | *untolled* days: Sep. 10, 2003 to May 30, 2007 | -1,358 |
| | | Total *untolled* days | -1,373 |

3

Under *Pace v. DiGulielmo*, 544 U.S. 408, 414 (2005), the Supreme Court held that when a post-conviction petition is untimely under state law, it is not considered "properly filed," thus the statutory tolling provisions of Section 2244(d)(2) do not apply. Therefore, petitioner's argument that the nearly four years' time between the final decision on his second PCR (April 19, 2002) and when his third PCR (filed August 6, 2002) was denied as improperly filed by the S.C. Supreme Court (April 24, 2007) should have been subject to equitable tolling.

Under, *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003), the Fourth circuit held that before equitable tolling can be applied, the petitioner must show that there was (1) an extraordinary circumstance, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time. The Fourth Circuit also held in *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2003), that equitable holding can apply when the petitioner is prevented from asserting his claims by some kind of wrongful conduct on the respondent's part and if extraordinary circumstances, beyond the petitioner's control, made it impossible to file his claims on time. The Court in *Harris* concluded that "any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* at 330.

First, the petitioner contends the exculpatory information regarding the allegedly perjured testimony of the State's chief witness, James Simpson, was not available until six years after petitioner's conviction. As a result of Mr. Simpson's incarceration and petitioner's lack of sooner access to the information, petitioner contends the AEDPA allows

4

the time to be tolled. However, the information regarding witness Simpson was available and discoverable through due diligence; the petitioner failed to request or obtain the information earlier. Petitioner has failed to allege circumstances wherein he was "extraordinarily prevented" from filing a timely habeas petition.

After a careful review of the record, the applicable law, and the Report and Recommendation, and the petitioner's objections thereto, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference, the respondent's motion for summary judgment is granted, and this action is hereby dismissed with prejudice. In addition, petitioner's motion to compel is denied.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
September 2, 2008                                   United States District Judge
Columbia, South Carolina